# AFFIDAVIT

FILED MAR 27 2014 CLERK, US DISTRICT COURT NORFOLK, VA

2:14MJ117

I, Brian E. Stallings, being duly sworn, depose and state as follows:

## Introduction

1. I am Special Agent with the United States Secret Service (USSS), and have been so employed since September 2011. I am currently assigned to the Norfolk Resident Office, located at 200 Granby Street, Suite 640, Norfolk, Virginia, 23510, where I am assigned to investigate criminal matters. I have received training at the Federal Law Enforcement Training Center in Glynco, Georgia, and at the United States Secret Service's James J. Rowley Training Center in Beltsville, Maryland. In my capacity as a Special Agent, I have conducted investigations involving financial fraud, counterfeit United States currency and protective intelligence threat cases. Prior to my employment with the USSS, I was a police officer in Memphis (TN) for 11 years. During my employment with the USSS and the Memphis Police Department, I also served as an Officer in the United States Army Reserve. Prior to my employment as a police officer in Memphis, I served in the United States Marine Corps.

2. The information contained in this Affidavit is based on my personal knowledge, the review of documents, and observations made by me during the course of this investigation, as well as, information conveyed to me by other individuals, including information obtained from other law enforcement agencies.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for an arrest warrant, this Affidavit does not set forth each and every fact learned by me or observed by me during the course of this investigation.

4. This Affidavit includes only the facts I believe are necessary to establish probable cause to believe that DAVID GIL WILKINSON committed the following violations: Threats Against the President and Successor to the Presidency, in violation of 18 U.S.C. § 871(a), and Threats Against Former Presidents and Certain Other Persons, in violation of 18 U.S.C. § 879(a)(1).

## Legal Authority

5. 18 U.S.C. § 871(a) provides, in pertinent part, "[w]hoever ... knowingly and willfully otherwise makes any such threat against the President, President-elect, Vice President or other officer next in the order of succession to the office of President, or Vice President-elect, shall be fined under this title or imprisoned not more than 5 years, or both."

6. 18 U.S.C. § 879(a)(1) provides, in pertinent part, "(a) [w]hoever knowingly and willfully threatens to kill, kidnap, or inflict bodily harm upon — (1) a former President or



member of the immediate family of a former President; shall be fined under this title or imprisoned not more than 5 years, or both."

## Summary of Probable Cause

7. On March 22, 2014, the Southampton County Virginia Sheriff's Office (SCSO) reported DAVID GIL WILKINSON threatened President Barack Obama and former First Lady, Hillary Clinton. SCSO advised they made contact with WILKINSON on March 21, 2014, at approximately 8:20 p.m. after he called 911 stating he was an FBI Agent and had run out of fuel on Highway 58 in Southampton County. The SCSO reported they had received numerous reports that day of a vehicle matching WILKINSON'S description being driven at speeds over 100 M.P.H. According to SCSO, WILKINSON stated he worked for important people, had just left SEAL Team 6, and was going to personally throw out Obama and execute him and Hillary. An inventory of Wilkinson's vehicle revealed $12,100 cash, marijuana, drug paraphernalia, prescription medication and an empty pistol box. Local queries revealed the vehicle had been involved in a hit and run incident in Suffolk, Virginia. WILKINSON was taken into custody for an emergency mental health evaluation. According to officers, once placed in handcuffs, WILKINSON brought the cuffs from behind his back to his front and further broke the handle on the door to his holding room in order to prevent deputies from keeping him inside while awaiting transport to the hospital for an evaluation.

8. An emergency commitment order was issued by the Magistrate in Southampton, Virginia, and Wilkinson was transported to OBICI Hospital for a mental health evaluation. WILKINSON was evaluated and sent to the Pavilion Behavioral Health Center in Williamsburg, Virginia.

9. On March 23, 2014, Special Agent Bell, USSS, and your Affiant interviewed WILKINSON. He stated he retired from the U.S. Navy in April 2013 as a Chief, E-7, and worked as a member of the Special Warfare Combatant Craft Crewmen, a position which supports U.S. Navy SEAL Teams. WILKINSON stated he wished he were the President and wanted to remove the President from Office and "execute" the President and former first lady, Hillary Clinton. When asked to elaborate, WILKINSON claimed he did not wish to harm the President and respected the Office and his oath to protect it, but felt the President was treating the Navy SEALs poorly. WILKINSON stated he believed the President was responsible for the loss of 30 of his fellow crewmen's lives and felt the President covered up their deaths.

    a. WILKINSON was extremely emotional while discussing his military history and claimed he suffered from a traumatic brain injury (TBI), Post Traumatic Stress Disorder (PTSD), and major depression as a result of his service to this country. WILKINSON claimed he owned two firearms (a 9mm SIG and a .357 pistol with laser sight) which were locked away in his wife's possession.

2

10. During the encounter with WILKINSON on March 21, 2014, SCSO Officers were wearing body camera devices with the ability to record audio and video. On March 24, 2014, I reviewed video and audio evidence obtained from the body cameras of Sergeant Turner and Deputy Bowden of the Southampton Sheriff's Office Deputies relating to the above incident.

    a. Body camera audio from Sgt. Turner's and Deputy Bowden's device clearly records the following exchange:

**WILKINSON**: "But I tell you what, politics is my game now brother, I wanna run for President and I got a lotta SEALS behind me."

**OFFICER**: "What year?"

**WILKINSON**: "This year. I want…I want…can you guys keep this on the DL?"

**OFFICER**: "Yeah, well you got two more years for ya-"

**WILKINSON**: "I want… I don't care. I'm throwin' his ass out and I'm gonna, I'm gonna personally execute him and Hillary."

**OFFICER**: "No, no, no, no…"

**WILKINSON**: "Oh under the name of Jesus, under the law, brother. Under the law. You keep that, tell it to your family in about six months that you already heard it, ok. There is shit going brother, he fucked over SEAL Team 6 and killed my mother fucking brothers and he will fucking pay."

11. On March 25, 2014, I checked with the Pavilion and was advised WILKINSON was released on March 24, 2014, in the afternoon.

12. On March 25, 2014, I received a call from an Officer Eddington with Henrico County Police Department, Virginia at approximately 10 p.m. Officer Eddington stated WILKINSON had called Henrico County communications at approximately 4:40 p.m. that day as he was traveling 100 M.P.H. on I-295 near the Staples Mill road exit. Wilkinson continued to update Henrico communications along with making statements such as, President Obama being out and that people needed to die and he was part of a group that would take back America.

13. Henrico County Police Officer's located WILKINSON in Richmond, Virginia along with another passenger who was inside the vehicle operated by WILKINSON. Based on the above statements to Henrico communications and statements made to officers and family

3



members at this location, officers detained WILKINSON and obtained an emergency commitment order. WILKINSON was transported to Henrico Doctor's Hospital-Parham for evaluation.

14. Henrico County Police Officers interviewed the passenger in WILKINSON's vehicle. According to the passenger, he was a fellow patient of WILKINSON's at the Pavilion in Williamsburg and had accepted an offer for a ride home from WILKINSON. The passenger confirmed WILKINSON discussing the President and the need to take back America. According to Henrico County Police Officers, the passenger was scared of WILKINSON.

15. On March 26, 2014, SA G. Prettyman, USSS, interviewed a family member of WILKINSON in Richmond, Virginia who advised him that WILKINSON contacted his estranged wife today from inside the hospital asking her to bring him a handgun to the hospital.

16. On March 26, 2014, I contacted the spouse of WILKINSON who confirmed that he asked her to bring a weapon without a clip to the hospital for him.

17. Based on the foregoing information, I believe probable cause has been established that DAVID GIL WILKINSON has committed the following violations: Threats Against the President and Successor to the Presidency, in violation of 18 U.S.C. § 871(a), and Threats Against Former Presidents and Certain Other Persons, in violation of 18 U.S.C. § 879(a)(1). I therefore, respectfully request an arrest warrant be issued.

Brian E. Stallings
Special Agent
United States Secret Service

Subscribed and sworn before me this 27 day of March 2014.

United States Magistrate Judge
Norfolk, VA
Douglas E. Miller
United States Magistrate Judge

4

