IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:14cr53 |
| | ) |
| DAVID GIL WILKINSON, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia, Joseph L. Kosky, Assistant United States Attorney, the defendant, DAVID GIL WILKINSON, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

   1. **Stipulated Not Guilty Plea and Verdict Only By Reason of Insanity**

The defendant agrees to plead not guilty only by reason of insanity to Counts One and Two of the pending indictment charging the defendant with Threats Against the President, in violation of Title 18, United States Code, Section 871(a) and Threats Against Former Presidents and Certain Other Persons, in violation of Title 18, United States Code, Section 879(a)(1). The United States agrees to stipulate to the defendant's plea. Thus, should the Court accept this plea agreement, a verdict of not guilty only by reason of insanity will be entered by the Court. The parties both understand and agree that a verdict of not guilty only by reason of mental insanity triggers the provisions of Title 18, United States Code, Section 4243, fully discussed below. The parties further understand and agree to be bound by the provisions of Title 18, United States Code, Section 4243.

2. **Competence to Enter Plea Agreement**

The defendant agrees that he has been evaluated by a licensed psychologist appointed by the Court and, with a reasonable degree of psychological certainty, it has been determined that the defendant possesses a basic factual and rational understanding of the proceedings against him. Furthermore, the defendant has the capacity to adequately and consistently assist counsel in his defense and make decisions regarding his legal strategy. Therefore, the defendant agrees that he is currently competent to stand trial, aid in his defense, and enter into this plea agreement with the United States.

3. **Factual Basis for the Plea**

The defendant will plead not guilty only by reason of insanity because the defendant has been evaluated by a licensed psychologist appointed by the Court and, with a reasonable degree of psychological certainty, it has been determined that mental illness has impaired the defendant's ability to appreciate the wrongfulness of his conduct at the time of his actions. The defendant admits that but for his mental illness and impaired ability to appreciate the wrongfulness of his conduct at the time of his actions, the government could introduce sufficient evidence at trial to establish his guilt of the offenses charged beyond a reasonable doubt.

4. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a. the right to plead not guilty and to persist in that plea;

b. the right to a jury trial;

c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

5. **Hospitalization Pursuant to Title 18 United States Code, Section 4243**

The defendant understands and agrees that if the Court accepts his plea of not guilty only by reason of insanity and finds the defendant not guilty only by reason of insanity, his case will be governed by the provisions of Title 18, United States Code, Section 4243. Specifically, the defendant understands and agrees that in accordance with Title 18, United States Code, Section 4243(a), he shall be committed to a suitable facility until such time that he is eligible for release. The defendant further understands and agrees that pursuant to Title 18, United States Code, Section 4243(c), he is entitled to a hearing not later than 40 days following the acceptance of his plea by the Court to determine his eligibility for release. Although the defendant has been evaluated by a licensed psychologist appointed by the Court, the defendant understands and agrees that pursuant to Title 18, United States Code, Section 4243(b), prior to the hearing, he could be subject to further psychological or psychiatric examination.

6. **Release Hearing and Burden of Proof**

The defendant also understands and agrees that any hearing for his release from hospitalization would be governed by Title 18, United States Code, Section 4243(d). Because the defendant's offense involved a substantial risk of bodily injury to, or serious damage to the property of another person, the defendant understands and agrees that he bears the burden of proof, by clear and convincing evidence that his release would not create a substantial risk of

bodily injury to another person or serious damage of property of another due to a present mental disease or defect. If, after a hearing governed by the provisions of Title 18, United States Code, Section 4247(d), the Court finds by clear and convincing evidence that the defendant has recovered from his mental disease or defect to such an extent that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another to due to the presence of mental disease or defect, the Court shall order that the defendant be immediately discharged.

7. **Continued Commitment**

The defendant also understands and agrees that if after a release hearing pursuant to Title 18, United States Code, Section 4243(c), the Court fails to find by clear and convincing evidence that the defendant's release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to mental disease or defect, the Court shall commit the defendant of the custody of the Attorney General of the United States. The defendant understands that the Attorney General shall hospitalize the defendant for treatment in a suitable facility until either a state will assume responsibility for the defendant or the defendant's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another.

8. **Conditional Release**

The defendant also understands and agrees that as a result of entering this plea of not guilty only by reason of insanity he could be subject to a conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment. Specifically, Title 18,

4

United States Code, Section 4243(f)(2) permits the conditional release of the defendant if said prescribed regimen would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. In such an instance, the Court shall order that the defendant be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for the defendant, that has been certified to the Court as appropriate by the director of the facility in which the defendant is committed, and that has been found by the Court to be appropriate. The Court shall further order, as an explicit condition of release, that the defendant comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment. The Court may, at any time, after a hearing employing the same criteria, modify or eliminate the defendant's regimen of medical, psychiatric, or psychological care or treatment.

9. **Revocation of Conditional Discharge**

The defendant understands and agrees that if he is conditionally released pursuant to Title 18, United States Code, Section 4243(f)(2), that he is subject to arrest and re-hospitalization if he fails to comply with his regimen of care. The defendant understands that the director of the medical facility responsible for his administering his regimen of care shall notify the Attorney General and the Court having jurisdiction over the defendant of any failure to comply with his regimen. Upon receiving such notice, the Court may order the arrest of the defendant and, upon the arrest, the defendant shall be taken to the Court having jurisdiction over him without unnecessary delay. The Court shall, after a hearing, determine whether the defendant should be remanded to a suitable facility on the ground that, in light of the defendant's failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his



continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

10. **Agreement to Not Seek Full Release**

The defendant agrees and understands that by entering into this agreement with the United States he receives significant benefits, such as avoiding a federal felony conviction, incarceration and/or fines, a special assessment, restitution, if applicable, and the possible loss of valuable civil rights and federal benefits. In exchange for receiving these benefits, the defendant and United States fully agree that a full discharge without any conditions to continue him on a regimen of medical, psychiatric, or psychological care or treatment is inappropriate. Therefore the parties agree and stipulate that, for a period of five (5) years from the date of the Court's acceptance of this plea agreement, the defendant may only seek a Conditional Release, with a prescribed regimen of medical, psychiatric, or psychological care or treatment. If, after a period of five (5) years, the defendant can meet his burden by clear and convincing evidence that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the defendant may seek an unconditional discharge from the Court.

11. **Waiver of FOIA and Privacy Act Rights**

The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

12. **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the indictment as an offense. In such a prosecution the United States may allege and prove conduct described in the indictment. "Crime of violence" has the meaning set forth in Title 18, United States Code, Section 16.

13. **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

   a. The United States will be released from its obligations under this agreement;

   b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed; and

   c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R.



Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

14. **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to enter this plea. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____
Joseph L. Kosky
Assistant United States Attorney

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 9-3-14

DAVID GIL WILKINSON
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 9/3/14

P. Todd Sartwell
Counsel for the Defendant